**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DESIGNER TECHNOLOGIES, INC.** | § | |
| **D/B/A DTI-NEUVENTURE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-5277-L** |
| | § | |
| **JOSHUA KILLETT and J PLUS** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINON AND ORDER AND PERMANENT INJUNCTION

Before the court is Plaintiff Designer Technologies, Inc. d/b/a DTI-NeUventure's Motion for Default Judgment, filed June 6, 2013. After careful consideration of this motion, record, exhibits, and applicable law, the court **grants** Plaintiff Designer Technologies, Inc. d/b/a DTI-NeUventure's Motion for Default Judgment as to **liability** and **issues** a permanent injunction against Joshua Killett and J Plus Services, Inc.

**I.      Background**

Designer Technologies, Inc. d/b/a DTI-NeUventure ("DTI" or "Plaintiff") filed this action against Joshua Killett ("Killett") and J Plus Services, Inc. ("J Plus"), collectively Defendants, on December 28, 2012. DTI asserted claims for: (a) Federal False Designation of Origin under the Lanham Act (15 U.S.C. §1125(a)); (b) Unfair Competition under the common law of the State of Texas; (c) Injury to Business Reputation, Trade Name, or Mark (Tex. Bus. & Com. Code § 16.29); and (d) Copyright Infringement under the Copyright Act (17 U.S.C. § 501 *et seq.*). *See* Pl.'s Original Compl.

According to Plaintiff, Killett enrolled in one or more of DTI's seminars held in Dallas, Texas. As a part of his attendance at DTI seminars, Killett was taught a financial investment method called the "Candlesticks" investment method and obtained copies of all the printed and digital materials created and owned by DTI and its owner, David Mitchell. These materials are used to teach students about the Candlesticks investment method and are known as the "Candlesticks Materials." DTI alleges federal false designation of origin under the Lanham Act resulting from Defendants' unauthorized use of DTI's trademarks and service marks when they posted the Candlesticks Materials, which are copyrightable subject matter under federal law, on the Internet without permission or authorization. DTI also contends that Defendants' actions constitute copyright infringement with regard to all of the Candlesticks Materials that have been copied and posted by Defendants on the Internet or otherwise made available to the general public by Defendants without the prior permission or authorization of Plaintiff. Plaintiff further asserts state law claims for unfair competition, and injury to business reputation, trade name, or mark. Plaintiff also seeks permanent injunctive relief against Defendants, as well as monetary damages, attorney's fees, and court costs.

On January 4, 2013, Defendants Joshua Killett and J Plus Services, Inc. were both served with the Summons and Plaintiff's Original Complaint ("Complaint") in this action at 9318 Copenhagen Road, Peyton, Colorado 80831. Neither J Plus nor Killett filed an answer or otherwise responded to Plaintiff's Complaint. The clerk entered a default as to each Defendant on June 6, 2013. Pursuant to the entry of default by the clerk, Plaintiff requests the court to enter a default judgment enjoining Defendants from certain acts and awarding Plaintiff attorney's fees and costs. Plaintiff states in its motion that the amount of monetary damages cannot be quantified because no discovery has taken place regarding the issue of damages.

**Memorandum Opinion and Order and Permanent Injunction – Page 2**

**II.    Discussion**

   A. Applicable Law

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *See id.* The clerk of the court has entered default, and Plaintiff now requests the court to enter a final default judgment against both Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants have violated the provisions, as previously stated, of the Lanham Act, the Copyright Act, and the Texas Business and Commerce Code; and violated the Texas common law regarding unfair competition, and injury to business reputation, trade name, or mark.

   B. Damages

Although the court holds that Plaintiff is entitled to damages, the amount of damages cannot be quantified at this time. DTI has indicated that discovery may be necessary to determine the extent of its damages. As Plaintiff does not know the full extent of its damages, an award of damages is premature at this juncture.

   C. Attorney's Fees and Costs

Plaintiff has submitted an affidavit for the amount of attorney's fees and costs incurred time for them to prosecute this case. Although Plaintiff is entitled to attorney's fees by statute, an

award of attorney's fees at this juncture is premature. Additional fees and costs will be incurred if discovery becomes necessary to determine the amount of Plaintiff's damages. The court therefore sees little utility in making an award of attorney's fees and costs at this time if Plaintiff elects to seek damages.

### D.     Injunctive Relief

Plaintiff seeks a permanent injunction to ensure that all infringing Candelsticks Materials are removed from the Internet website that was owned and maintained by Defendants, and to bar Defendants from reposting the infringing Candelsticks Materials on the Internet. Injunctive relief is authorized to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Likewise, injunctive relief is also authorized under the Lanham Act. 15 U.S.C. § 1116(a).

The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). A party seeking a preliminary injunction must establish that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

As the court has found liability against both Defendants, Plaintiff has succeeded on the merits of its claims. The court also determines that irreparable harm will result if the injunction is not granted because Defendants have produced no evidence that the infringing materials have all been removed from the Internet and that they will not repost the infringing materials. The court further determines that the injury to Plaintiff outweighs any harm to Defendants because Congress has declared conduct in which Defendants engaged is illegal. Finally, the court can think of no way in which the public interest will be disserved if a permanent injunctive is issued, as the injunction bars conduct that Congress has declared to be unlawful. The public has an interest in knowing or being assured that persons do not violate laws regarding trademarks, copyrights, and fair competition. For these reasons, the court will issue a permanent injunction requiring Defendants to refrain from specified conduct and to take specified action to ensure that their violations cease.

### III.   Conclusion

For the reasons herein stated, the court **grants** Plaintiff Designer Technologies, Inc. d/b/a DTI-NeUventure's Motion for Default Judgment as to liability,* **defers** ruling on the amount of damages and attorney's fees and costs, **grants** permanent injunctive relief, and **orders** as follows:

1. Joshua D. Killett and J Plus Services, Inc., and all their respective employees, officers, directors, agents, stockholders, members, partners, owners, successors, assigns, persons acting on their behalf, in concert with them, or under their

---

* Plaintiff may elect to forego damages. If Plaintiff chooses to forego damages in light of the relief granted, it shall so inform the court by **January 13, 2014,** and the court will enter a final judgment. If Plaintiff believes that it is entitled to conduct discovery, it shall file a motion providing the authority allowing such discovery under the circumstances of this case. Such motion shall be filed by the previously stated date.

**Memorandum Opinion and Order and Permanent Injunction – Page 5**

influence or control (collectively "Defendants"), are hereby **permanently enjoined** from:

a.  All display, promotion or other uses of any term, trademark, service mark, trade name, or other designation of source or origin in connection with the promotion, dissemination, distribution, and/or sale of any and all electronic materials, printed materials, audios, videos, downloads, uploads, and all other media of whatsoever type or kind concerning financial education, investments, investment education, and investment methods that are the same as or confusingly similar to any of the following terms, trademarks, service marks, or trade names of Plaintiff Designer Technologies, Inc. d/b/a DTI-NeUventure ("Plaintiff"):

(1) Candlesticks;

(2) Candle Sticks;

(3) NeUventure;

(4) NeUventure on Wall Street;

(5) NeUventure Financial Institute;

(6) DTI-NeUventure;

b.  All display, dissemination, distribution, or posting of materials obtained by Defendant Joshua D. Killett from Plaintiff or its representatives on any Internet website owned by, operated by, maintained by, or subject to the control of Defendants;

c.  All distribution or dissemination of any of the materials known as the "Candlesticks" or "Candle Sticks" materials on the Internet or in any other

      manner whatsoever, including but not limited to physical dissemination of printed copies of said materials, making said materials available for download by others, providing electronic copies of said materials on disc, thumb drive or in any other electronic version, and Defendants shall not cause or assist a third party in distributing or disseminating such materials on the Internet or by any of the foregoing manners, or otherwise;

  d. Making any electronic or printed copies of the "Candlesticks" or "Candle Sticks" materials for any purpose whatsoever;

  e. Posting or otherwise making available any of the "Candlesticks" or "Candle Sticks" materials on any social media website, website accessible by members of the general public, website accessible by customers of Defendants, or in any other manner making available said materials to members of the general public or customers of Defendants.

2. Defendants shall **permanently and completely remove** all of the following terms, trademarks, service marks, or trade names of Plaintiff, including all confusingly similar variations, from each Internet listing, Internet website, social media website and all other computer-based or server-based platforms under the control of the Defendants that are accessible by members of the general public, third parties, or customers of Defendants:

    (1) Candlesticks;

    (2) Candle Sticks;

    (3) NeUventure;

    (4) NeUventure on Wall Street;

**Memorandum Opinion and Order and Permanent Injunction – Page 7**

   (5) NeUventure Financial Institute;

   (6) DTI-NeUventure; and

3. Defendants shall **permanently remove** from their Internet websites and related electronic media all metatags, keywords for Internet search engines, postURL or forwarding commands, hyperlinks, and any other electronic coding that use the following terms, trademarks, service marks, trade names of Plaintiff or any terms confusingly similar thereto:

   (1) Candlesticks;

   (2) Candle Sticks;

   (3) NeUventure;

   (4) NeUventure on Wall Street;

   (5) NeUventure Financial Institute;

   (6) DTI-NeUventure.

**It is so ordered** this 2nd day of January, 2014.

_____
Sam A. Lindsay
United States District Judge